UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLENE ROTH

    Plaintiff.	Case No.

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ARLENE ROTH (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff, Arlene Roth, is natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Nationstar Mortgage, LLC, is a foreign limited liability company operating from

a principal address of 8950 Cypress Waters Boulevard, Coppell, TX 75019 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTS

6. On December 22, 2010, Plaintiff sought protection from her creditors by filing a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:10-bk-30383.

7. In the schedules filed with her bankruptcy petition, a debt was listed as being owed to BAC Home Loans Servicing ("BAC") in the amount of $97,830.00 on a first mortgage on property located at 2617 Nightshade Lane, Fort Myers, FL 33905. See **Exhibit "A"** attached hereto.

8. Both Plaintiff's Schedule A and Chapter 13 Plan clearly indicate her intent to surrender the property encumbered by the mortgage held by BAC. See **Composite Exhibit "B"** attached hereto.

9. During the course of Plaintiff's bankruptcy case, the claim held by BAC was transferred to Defendant. A Transfer of Claim evidencing such transfer was filed by BAC on April 17, 2013. See **Exhibit "C"** attached hereto.

10. Following transfer of the claim in question, Defendant was added on the certificate of service in Plaintiff's bankruptcy case, and received all notices issued in such case from that point forward.

11. Plaintiff received an order discharging her debts on June 30, 2014. The certificate of notice accompanying the order of discharge clearly includes Defendant. See **Exhibit "D"** attached hereto.

12. At no time during Plaintiff's bankruptcy case did Defendant challenge the dischargeability of the debt in question.

13. Following issuance of the order of discharge, Defendant sent Plaintiff a "Mortgage Loan Statement" dated October 20, 2014, which stated the amount due to Defendant on the mortgage loan was $60,821.88. See **Exhibit "E"** attached hereto.

14. The Mortgage Loan Statement sent by Defendant contains the following language: "This statement is sent for information purposes only and is not intended as an attempt to collect, assess, or recover a discharged debt from you, or as a demand for payment from any individual protected by the United States Bankruptcy Code. If this account is active or has been discharged in a bankruptcy proceeding, be advised this communication is for information purposes only and is not an attempt to collect a debt. Please note, however Nationstar reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation." See Exhibit "E".

15. Following receipt of this statement, Plaintiff's bankruptcy counsel sent Defendant a cease and desist letter dated November 6, 2014. This letter informed Defendant of its violation of the discharge injunction and included a copy of the bankruptcy court's order of discharge therewith. The letter further informed Defendant that its actions may also be in violation of the FDCPA and the FCCPA. The letter warned Defendant that further attempts to collect on the discharged debt would be met with appropriate legal action.

See **Exhibit "F"** attached hereto.

16. Following receipt of the letter from Plaintiff's bankruptcy counsel, Defendant continued to send Plaintiff monthly statements and other correspondence indicating the discharged debt remained owed to Defendant. The monthly statements each included an amount due, a payment due date, and most notably, a tear-off coupon which Defendant instructed Plaintiff to detach and include with her payment. See **Composite Exhibit "G"** attached hereto.

17. Given the fact that (1) the debt in question is in connection with a mortgage loan on property that was surrendered by the Debtor in bankruptcy; (2) the Debtor no longer resides at the subject property and no longer has any interest in the subject property; and (3) there is a detachable payment coupon included with each statement indicating a "total amount due" of $72,285.75, *there can be no other reason for Defendant to send such billing statements other than for the purpose of collecting a debt that is no longer owed.*

18. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

19. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

**COUNT I**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Fla. Stat. § 559.72(9)**

20. Plaintiff incorporates by reference 1 – 19 of the paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

22. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from

the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer legally owed.

23. Under the provisions of Florida Statute § 559.72(9), Defendant was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when Defendant knows it does not exist.

24. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

25. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

26. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff asserts that punitive damages are appropriate in this case, and hereby reserves the right to amend her Complaint to include an allegation for punitive damages.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

27. Plaintiff incorporates by reference 1 – 19 of the paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

29. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from

the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

30. Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by falsely alleging that this debt was owed despite the fact that such debt had been discharged in Plaintiff's bankruptcy.

31. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

32. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

33. Plaintiff incorporates by reference 1 – 19 of the paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

35. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

36. Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by sending statements demanding payment on a debt legally discharged in bankruptcy.

37. The statements sent by Defendant were deceptive in that they asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

38. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

39. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**

40. Plaintiff incorporates by reference 1 – 19 of the paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute a violation of the Fair Debt Collection Practices Act.

42. Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and

was thus no longer owed.

43. Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by intentionally attempting to collect on this alleged consumer debt when knew that such debt had been discharged in Plaintiff's bankruptcy.

44. The statements sent by Defendant were unfair and unconscionable in that they gave Plaintiff the impression that such debt remained owed despite the bankruptcy discharge, and they further asserted a "total amount due" and included a detachable payment coupon, giving Plaintiff the impression that she must pay such debt.

45. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

46. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages for Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

*Respectfully submitted,*

Dated: August 14, 2015

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By: /s/ Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF __FL__          )
                         ) ss
COUNTY OF __Charlotte__  )

Plaintiff, ARLENE ROTH, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ARLENE ROTH

Subscribed and sworn to before me this __17__ day of __Aug__, 20__15__ by ARLENE ROTH who:

☐ is personally known; or

☒ produced identification __FL DL__.

KELSEY MARSHALL
MY COMMISSION #FF071775
EXPIRES: NOV 20, 2017

_____
Notary Public

(SEAL)